**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-3919
_____

United States of America,    *
                             *
        Appellee,            *
                             * Appeal   from   the   United
States
        v.                   * District Court for the
                             * District of Minnesota.
Darlene Louise Rooney,       *     [UNPUBLISHED]
                             *
        Appellant.           *

_____

Submitted:  March 10, 1998

                                                    Filed:
May 20, 1998
_____

Before BEAM and HEANEY, Circuit Judges, and WATERS,[1]
District Judge.
_____

PER CURIAM.

Darlene Rooney was convicted by a jury of three
counts relating to fraudulent use and possession of
cellular phones.  At her 1993 trial, she was represented
by a public defender.  Rooney was ordered to report to
the Marshals' Office on January 3, 1994 to serve a 90-day
sentence.  She did not do so and was a fugitive until her

_____

[1]The Honorable H. Franklin Waters, United States District Judge for the Western
District of Arkansas, sitting by designation.

February 23, 1997 arrest.  She was then charged with knowingly and intentionally

failing to appear for service of sentence. At her arraignment, Rooney sought to represent herself. After cautioning Rooney about refusing counsel, the magistrate appointed standby counsel. In representing herself both at her arraignment and trial, Rooney claimed that she did not understand the nature of the charges against her or the rules of evidence or criminal procedure. Both the magistrate and district court read the required Bench Book warnings and cautioned Rooney against representing herself. Nonetheless, she reiterated her desire to represent herself.

Rooney's standby counsel filed and argued an appeal on her behalf challenging whether Rooney knowingly and voluntarily waived her right to counsel. Prior to oral argument, Rooney filed a pro se motion to quash the appeal. While we reserved decision on Rooney's motion until after oral argument, we now grant her motion. Accordingly, the appeal is quashed.

A true copy.

Attest.

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.